UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

CHRISTOPHER MCDONOUGH, *et al*, §
§
      Plaintiffs, §
VS. §     CIVIL ACTION NO. 3:12-CV-189
§
JPMORGAN CHASE BANK, N.A., §
§
      Defendant. §

## MEMORANDUM AND ORDER

Plaintiffs Christopher and Katherine McDonough filed a summary judgment motion seeking a straightforward liability ruling: the Texas Constitution does not allow more than one home equity loan to encumber a property, and in 2007 a bank had extended a second such loan to them.  Indeed, this case likely seemed promising when filed.  But the same month the McDonoughs filed their summary judgment motion, the Fifth Circuit held that Texas's four-year statute of limitations applies to claims alleging that home equity loans are constitutionally invalid.  *See Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 673–74 (5th Cir. 2013). Based on that case, Defendant JPMorgan Chase filed its own motion for summary judgment on limitations grounds.  Because the recent *Priester* decision provides a limitations defense in this case, JPMorgan's motion is **GRANTED** and the McDonoughs' motion is **DENIED**.

## I.   BACKGROUND

The McDonoughs bought their home in Friendswood, Texas in September 2000, and at all relevant times it was subject to a purchase money lien.   In February 2005, the McDonoughs entered into their first home equity loan with ABN Amro Mortgage Group, Inc.   The McDonoughs entered into their second home equity loan with Washington Mutual, the predecessor in interest to JPMorgan, in July 2007.   At the time of the second home equity loan, Washington Mutual was apparently unaware of the first home equity loan, despite the loan being validly perfected by filing in the Galveston County property records, and the McDonoughs were unaware that the Texas Constitution prohibits a second home equity loan.   *See* Tex. Const. art. XVI, § 50(a)(6)(K).   The McDonoughs realized the mistake in the summer of 2011 when their attempt to refinance their home was rejected due to a cloud on the property's title that the second loan created.

In October 2011, the McDonoughs provided JPMorgan with written notice of the loan's unconstitutionality.   The Texas Constitution requires that JPMorgan release the loan within 60 days of receiving such notice.   *See* Tex. Const. art. XVI, § 50(a)(6)(Q)(x).   JPMorgan, however, failed to release the loan.   The McDonoughs filed suit in state court in May 2012, alleging negligence and requesting a declaratory judgment that the second loan was unconstitutional. JPMorgan timely removed.

The McDonoughs' motion for summary judgment seeks a ruling that the second home equity loan was void as a matter of law on December 24, 2011, 60 days after they sent notice to JPMorgan that the loan violated the Texas Constitution.   JPMorgan responds that the statute of limitations bars the McDonoughs' lawsuit and brings a cross motion for summary judgment asserting that same argument.

## II.   STANDARD OF REVIEW

When a party moves for summary judgment, the reviewing court shall grant the motion "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  All reasonable doubts on questions of fact must be resolved in favor of the party opposing summary judgment. *See Evans v. City of Houston*, 246 F.3d 344, 348 (5th Cir. 2001) (citation omitted).

## III.   ANALYSIS

Under Texas law, "[n]o mortgage, trust deed, or other lien on the homestead shall ever be valid unless it secures a debt described by" section 50 of article XVI to the Texas Constitution. Tex. Const. art. XVI, § 50(c).  That section of the state constitution contains many types of valid homestead liens, and includes

the constraint that only one home equity loan may encumber a homestead at any given time. *Id.* § 50(a)(6)(K). If a lien is placed on a homestead in violation of section 50(a)(6), a party may give the lender notice of the defect, and the lender has 60 days in which to cure it. *Id.* § 50(a)(6)(Q)(x). A lender who fails to comply with these requirements or to correct its noncompliance during the 60-day window forfeits all principal and interest on the lien. *Id.*

When the McDonoughs filed this case last year, federal district courts in Texas disagreed on whether Texas's residual four-year limitations period[1] applied to suits seeking to invalidate homestead liens that contravene the state constitution. *Compare Reagan v. U.S. Bank Nat'l Ass'n*, No. H-10-2478, 2011 WL 4729845, at *3 (S.D. Tex. Oct. 6, 2011) (applying a four-year limitations period) *and Hannaway v. Deutsche Bank Nat'l Trust Co,* No. A-10-CV-714-LY, 2011 WL 891669, at *3 (W.D. Tex. Mar. 11, 2011) (same), *with Smith v. JPMorgan Chase Bank, Nat'l Ass'n*, 825 F. Supp. 2d 859, 867 (S.D. Tex. 2011) (holding that the residual limitations period does not apply). But in February, the Fifth Circuit resolved this split in authority. *See Priester*, 708 F.3d at 674. The plaintiffs in *Priester*, similar to those in this case, sought to invalidate their home equity loan on the grounds that the loan violated provisions of section 50(a)(6). *Id.* at 672–73.

---

[1] Under Texas law, a four-year limitations period applies in "[e]very action for which there is no express limitations period, except an action for the recovery of real property." Tex. Civ. Prac. & Rem. Code Ann. § 16.051.

The defendants argued that the four-year statute of limitations barred suit. *Id.* at 672. The Fifth Circuit acknowledged that the Texas Supreme Court had not yet addressed the statute of limitations issue, but concluded that the weight of authority from Texas intermediate courts of appeals, as well as Texas federal district and bankruptcy courts, had found that the statute did apply. *Id.* 673–74 & n.3.

In holding that the four-year statute of limitations applied to these types of claims, the Fifth Circuit distinguished the federal district court cases cited by the *Priester* plaintiffs on the ground that those cases found that the unconstitutional loans were void *ab initio*, rather than voidable. *Id.* at 674 & n.4. The Fifth Circuit instead reasoned that "the Texas Supreme Court considers liens created in violation of Section 50(a)(6) to be voidable rather than void" because "a 'void' lien could not be 'voided' by future action," such as that contained in the cure provision of section 50(a)(6)(Q)(x). *Id.* at 674.

After determining that the residual limitations period applied, the Fifth Circuit went on to hold that such a claim accrues at the lien's closing, rather than on the date that the plaintiff discovers the lien's unconstitutionality. *Id.* at 675–76. The Fifth Circuit explained that the injury rule applies, nothing makes the injury inherently undiscoverable, and "a lack of knowledge [of illegality] is insufficient to toll limitations." *Id.* ("Insofar as the period of limitations exists to preserve evidence and create settled expectations, it would essentially be nullified by

allowing parties to wait many years to demand cure.").

Based on *Priester*, the McDonoughs' suit is subject to a four-year statute of limitations that began to run on July 5, 2007, the closing date of the second home equity loan.  *See* Docket Entry No. 12-3 at 11–12.  The limitations period thus expired July 5, 2011, three months before the McDonoughs alerted JPMorgan to the loan's unconstitutionality and almost year before they filed this lawsuit.  The statute of limitations accordingly bars the McDonoughs' suit.

The McDonoughs' only response to *Priester* is to ask the Court to ignore it, arguing that the *Erie* doctrine requires the Court to apply state law as interpreted by state courts.  The McDonoughs contend that the Texas Supreme Court would reach a different conclusion if confronted with this question because that court views loans that violate the Texas Constitution as void *ab initio*, not voidable.  But this Court "is bound by the Fifth Circuit's interpretation of Texas law unless a subsequent state court decision or statutory amendment renders the Fifth Circuit's prior decision clearly wrong."  *Burleson v. Liggett Grp. Inc.*, 111 F. Supp. 2d 825, 827 (E.D. Tex. 2000) (citing *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747, 749 (5th Cir. 1995)).  Given that there have been no such subsequent decisions or amendments in the three months since *Priester* was decided, this Court must follow the Fifth Circuit's interpretation of state law.[2]

---

[2] Furthermore, even if the Court did have the authority to ignore *Priester*, it would be obliged to

## IV.   CONCLUSION

Because Plaintiffs failed to bring this lawsuit within four years of the date the second home equity loan originated, the statute of limitations bars their claim that the loan is unconstitutional.   Plaintiffs' Motion for Summary Judgment (Docket Entry No. 12) is **DENIED**, and Defendant's Motion for Summary Judgment (Docket Entry No. 14) is **GRANTED**.   A separate order entering final judgment in the case will issue.

**IT IS SO ORDERED.**

**SIGNED** this 13th day of May, 2013.

_____
Gregg Costa
United States District Judge

---

follow the Texas state intermediate courts of appeals.   *See Birmingham Fire Ins. Co. v. Winegardner & Hammons, Inc.*, 714 F.2d 548, 550 (5th Cir. 1983) ("[W]hen the supreme court of a state has not spoken to a particular issue, the well-established practice of this Circuit is to follow the opinion of the highest court which *has* written on the matter." (emphasis in original)). As Plaintiffs concede in their briefing, the two state intermediate courts of appeals that have addressed this issue have held that the four-year statute of limitations applies and that the statute begins to run at the lien's closing.   *See Rivera v. Countrywide Home Loans, Inc.*, 262 S.W.3d 834, 839–40 (Tex. App.—Dallas, 2008 no pet.); *Schanzle v. JPMC Specialty Mortg. LLC*, No. 03-09-00639-CV, 2011 WL 832170, at *4 (Tex. App.—Austin Mar. 11, 2011, no pet.).   Indeed, those two cases were the principle support for the Fifth Circuit's "*Erie* guess" in *Priester*.   *See Priester*, 708 F.3d at 673.